UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Tyesha Rubin, individually and as Personal Representative of the Estate of Tyshanek W. Rubin-Spann, ) ) ) ) | CASE NO.: 3:18-cv-03032-PJG |
| Plaintiff, ) ) | ORDER FOR APPROVAL OF SETTLEMENT |
| vs. ) ) | |
| United States of America, ) ) | |
| Defendant. ) ) | |

This matter is before the Court by Petition of Tyesha Rubin, individually and as the duly appointed Personal Representative of the Estate of Tyshanek W. Rubin-Spann, requesting that this Court approve the settlement and disbursement of settlement proceeds. Upon review of the Petition, this Court finds that this case involved complex issues of negligence requiring the assistance of out of state experts. Additionally, there exists between Plaintiff and Defendant a contest and controversy concerning these matters, which is more fully set out in the Complaint and which Defendant denies liability of any nature or kind. Upon payment by or on behalf of Defendant of the amount of Seven Hundred Seventy-Five Thousand and 00/100 Dollars ($775,000.00), the Parties agree to a final and complete disposition, resolution and release of all claims and causes of action against the Defendant or that can be brought against the Defendant.

This Court has had the opportunity to fully discuss with Ms. Rubin all aspects of the case, including - whether she was satisfied with the settlement, and whether she was satisfied with the services rendered by her attorneys, the Law Offices of Elliott, Phelan & Kunz, LLC. Ms. Rubin

1



indicated that she understood and was fully satisfied with the terms of the settlement and that she was completely satisfied with the services of her attorneys.

With regard to the above-mentioned civil action, C. Carter Elliott, Jr. represents the Plaintiff/Plaintiff Estate; and Christie V. Newman represents the Defendant.

This Court has been informed that a settlement agreement has been reached with the Defendant regarding the pending claims asserted on behalf of the Plaintiff.

This Court finds that the Petitioner/Plaintiff has negotiated with the Defendant for the purpose of settling these disputed claims and after careful consideration of all issues has agreed to the Settlement as follows: Seven Hundred Seventy-Five Thousand ($775,000.00) Dollars is to be paid by the above-named Defendant to the Plaintiff/Petitioner. In exchange, the Plaintiff/Petitioner will execute a consent order dismissing the Defendant with prejudice while also executing a release dismissing all claims arising out of the incidents involving Ms. Rubin-Spann which occurred during the time frame set out in the Complaint.

After hearing the facts of this case, this Court finds and agrees that the proceeds should be apportioned by and between the survival and wrongful death causes of action as follows:

    a. $387,500.00 as payment towards the survival cause of action

    b. $387,500.00 as payment towards the wrongful death cause of action

In exchange, the Plaintiff/Petitioner will execute a consent order dismissing all claims against the Defendant arising out of the death of Ms. Rubin-Spann.

This Court finds that the Personal Representative has retained legal counsel on behalf of the Estate who is the Law Offices of Elliott, Phelan & Kunz, LLC. In this regard, the Personal Representative has entered into a written attorney's fee agreement with this office and understands and agrees that the total amount of attorney's fees which can be agreed upon in cases



involving the US is twenty-five (25%) percent plus the payment of all costs expended to prosecute this case. The total costs incurred to date are $18,927.38.

This Court finds that the attorney's fees, costs (as shown on the Settlement Statement presented to the Court) are reasonable. Additionally, this Court finds that any net settlement proceeds will ultimately be distributed to the decedent's natural heir(s) – the decedent's natural parents: Tyesha Rubin and Willie Spann.

This Court finds that the Estate of Tyshanek W. Rubin-Spann is currently pending in the Probate Court for Sumter County under Case Number: 2016-ES-43-00278. Based upon information presented to the Court it appears the Plaintiff/Petitioner was duly appointed by the Probate Court as Personal Representative. Additionally, the Court finds that Tyshanek W. Rubin-Spann was eleven (11) years old at the time of her death, was not married and that there is no will. Based upon information provided by the Plaintiff/Petitioner, the natural heirs to the Estate are the decedent's natural parents: Tyesha Rubin and Willie Spann. To date Mr. Spann has been informed about this action as well as the settlement. Additionally, Mr. Spann (along with the PR) has signed the Stipulation for Compromise Settlement and Release (see attached). Additionally, there is no anticipated dispute with regard to the distribution of the proceeds. However, any fee paid to the Personal Representative must be approved by the Probate Court before it can be disbursed. Lastly, if any liens exist the Plaintiff/Petitioner will be responsible for satisfying these liens from the proceeds of the settlement. At this time there are no lien(s)/claim(s) filed against the Estate (to include Medicare/Medicaid subrogation liens) – except to Tyesha Rubin regarding her payment of the funeral expenses ($9,850.00). No other person/entity has asserted a lien and/or claim. This will be further confirmed by the Probate Court. To date this Court finds that the heirs (Tyesha Rubin and Willie Spann) have assigned an interest in the settlement proceeds to The Legal

3



Funding Group, LLC as a result of a loan taken out by the heirs in 2017. To date the balance of the amount owed is $40,000.00*. This Court further finds that this amount should be withheld and paid directly to The Legal Funding Group, LLC.

Now it is hereby Ordered, Adjudged and Decreed that this settlement is fair and reasonable under the circumstances presented to this Court. Further, the settlement is approved as set forth in the Petition, Order and Releases to be executed by the Plaintiff/Petitioner. Further, this Court finds that the attorney's fees and litigation costs are reasonable and, further, that the net funds can be immediately disbursed as indicated on the Settlement Statement. Further, the settlement funds in the amount of $775,000.00 are to be paid to the Plaintiff (by and through Plaintiff's counsel) within 60 days from the date of the settlement hearing.

AND IT IS SO ORDERED.

*[signature]*
Honorable Paige Jones Gossett
US Magistrate Judge

Columbia, South Carolina
June 18, 2020